IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHRISTOPHER GERKEN, M12556,    )
                                )
                    Plaintiff,  )
                                )
vs.                             )
                                )    Case No. 25-cv-2130-DWD
ANTHONY WILLS,                  )
JOHN/JANE DOE,                  )
C/O BAXTER,                     )
                                )
                    Defendants. )

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Christopher Gerken, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Lawrence Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while at Menard Correctional Center. (Doc. 1). Specifically, Plaintiff alleges that from approximately August 19, 2024-September 21, 2024, he was served contaminated kosher food trays that occasionally made him ill. The Court dismissed Plaintiff's original complaint as insufficient to state a claim (Doc. 10), and he has filed a timely amended complaint (Doc. 11).

Plaintiff's amended complaint (Doc. 11) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim

upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Amended Complaint

All of the allegations in Plaintiff's amended complaint are verbatim identical to his prior complaint and are as follows: Plaintiff alleges that around August 19, 2024, the kitchen began to distribute kosher trays in an unsanitary fashion. (Doc. 1 at 5). The trays typically contain a Styrofoam container with a salad, fruit, vegetables, crackers and milk. A separate sealed prepackaged meal is heated and contains the entrée. He claims that in August of 2024 the kitchen began to stuff the prepackaged heated meal inside of the Styrofoam tray. This made it impossible to close the Styrofoam or caused it to break. He claims the prepackaged meal was contaminated with steam from a warming table and it created condensation in the Styrofoam, which would then contaminate all the salad, vegetables, etc.. Because the Styrofoam could no longer be fastened shut, it also meant the trays were exposed to bugs and filth during the trip from the kitchen to the cellhouse. (Doc. 1 at 5).

After receiving 11 trays like this, Plaintiff filed an emergency grievance on August 25, 2024, but Defendant Wills deemed it non-emergent. (Doc. 1 at 5-6). Plaintiff complained in the grievance, which he attached to the complaint, that he was worried this method of food delivery would cause illness. (Doc. 1 at 6). After filing the grievance, Plaintiff alleges he began to experience flu-like symptoms including vomiting, cramping,

nausea and diarrhea. On September 4, 2024, the John/Jane Doe dietary supervisor indicated to a counselor in response to Plaintiff's grievance that meals were being served in accordance with state standards. (Doc. 1 at 6). Plaintiff alleges the contaminated meals continued, he continued to feel sick, and he placed multiple sick call requests to no avail. (Doc. 1 at 6).

On September 4, 2024, Defendant Baxter served him a tray that was not properly latched shut, and that sat on the bottom of a food cart as the cart traversed a filthy floor often contaminated with feces and urine. (Doc. 1 at 6-7). Plaintiff showed Baxter that the tray was open and asked for a replacement, but Baxter refused. Plaintiff asked to speak with a supervisor and asked Baxter a second time for a new tray, but Baxter refused. With no alternatives, Plaintiff ate the tray and had diarrhea and vomiting later that night. (Doc. 1 at 7). He filed an emergency grievance the same day, and on September 10, 2024, Defendant Wills deemed it a non-emergency. Plaintiff got the counselor's response and submitted the grievance to the second level of grievance officer review before being transferred from Menard to Pontiac. (Doc. 1 at 8). He was transferred to Pontiac before his grievance was returned. He pursued it further with the Administrative Review Board, but they deemed it untimely. (*Id.*). Plaintiff alleges he received contaminated trays until September 21, 2024. He faults Defendants Wills and the John Doe Dietary Supervisor for failing to try to remedy the problem for a whole month. (Doc. 1 at 8).

Plaintiff faults Defendant Wills for failing to act on his two detailed grievances. (Doc. 1 at 11). He faults John Doe for learning of the issue via the grievance process and failing to act. (Doc. 1 at 12). Finally, he faults Baxter for refusing him a replacement tray

on September 4, 2024.  (Doc. 1 at 12).  Plaintiff seeks monetary compensation.  (Doc. 1 at 13).  He attached both grievances to his complaint.

The sole change to Plaintiff's amended complaint is his additional allegation that he filed multiple grievances making Wills and John Doe aware of the dietary issues that were making him ill.  He alleges they took zero corrective action, and it was inappropriate for supervisors to allow foodborne illness issues to persist.  (Doc. 11 at 8).  Plaintiff alleges the defendants' inaction led him to suffer from foodborne illness for an entire month.  (*Id.*).

### Analysis

The analysis the Court previously provided still holds.  (Doc. 10 at 4-5).  The Court found that the allegations against Wills were not sufficient to proceed because the first grievance did not alert Wills to any food borne illness for Plaintiff, and the second grievance only mentioned minor flu like symptoms.  Though Wills deemed the grievances non-emergency, that did not end the investigation into the allegations because the grievance proceeded to be processed at other levels of review.  Wills' failure to deem the grievances an emergency does not exhibit deliberate indifference to a serious risk and thus does not support a plausible claim under the Eighth Amendment.

Second, Plaintiff faults the John Doe dietary supervisor for being alerted to the issue by his first grievance and failing to act by telling the counselor that food was being handled in accordance with proper procedure.  He says nothing to suggest that John Doe knew about the second grievance.  The mere fact that John Doe was alerted to one grievance about food handling that did not contain any allegations of actual harm is

simply not enough to characterize his conduct as deliberate indifference.  Plaintiff now alleges he was sick for a month and, as a supervisor, John Doe should have done more. These assertions do not change the earlier analysis because there is no indication that John Doe was ever notified of Plaintiff's illness.  (Doc. 10 at 5).  Additionally, prison officials cannot be held liable purely because they hold a supervisory role.  Thus, the claim against John Doe is still insufficient.

Third, and finally, Plaintiff faults Defendant Baxter for serving him a tray that was exposed to filth in the gallery and refusing to replace it.  Plaintiff does not mention any encounters with Baxter other than the one issue on September 4.  Generally, "[o]ccasional instances of food or water contamination in prison will not support a claim of deliberate indifference to conditions of confinement under the Eighth Amendment." *Olrich v. Kenosha Cty.*, 2020 WL 1169959, at *3 (E.D. Wisc. Mar. 11, 2020) (*citing McRoy v. Aramark Correctional Servs., Inc.*, 268 F.App'x 479 (7th Cir. 2008) (no deliberate indifference where inmate was served undercooked chicken on one occasion, sour milk on six occasions, and spoiled sandwich meat on three occasions, where inmate was offered replacement items when available, and no further incidents occurred); *Franklin v. True*, 76 F.3d 381 (7th Cir. 1996) (concluding that one instance of food poisoning was insufficient to state conditions-of-confinement claim); *Hadley v. Dobucki*, 59 F.3d 173, 1995 WL 364225 (7th Cir. 1995) (occasional "foreign objects" such as aluminum foil in prison food did not state an Eighth Amendment claim)).  Here, Plaintiff only seeks to hold Baxter responsible for a single occasion of contaminated food.  Single interactions are generally not enough to sustain a deliberate indifference claim.  *See e.g., Owens v. Duncan, 788 F. App'x 371, 374*

(7th Cir. 2019) (a single interaction with staff at sick call did not amount to deliberate indifference); *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997) ("isolated instances of neglect … cannot support a finding of deliberate indifference").  Though he complained to Baxter that he wanted a new tray because his was not sealed, there is no indication he told Baxter that unsealed trays had made him sick in recent weeks.  On the available information, Baxter's conduct does not rise to the level of deliberate indifference.

Having reviewed Plaintiff's allegations twice and given that almost nothing changed from his original to his amended complaint, the Court finds it unnecessary to invite further amendments. *See e.g. Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022) (amendment would be futile if plaintiff already had multiple chances to cure deficiencies); *Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021) (courts may deny leave to amend if an amendment would be futile); *McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011) (leave to amend shall be granted where justice so requires, but leave to amend need not be given if an amendment to the complaint would be futile).  As such, this case is now dismissed for failure to state a claim under 28 U.S.C. § 1915A. This dismissal shall count as a strike for purposes of 28 U.S.C. § 1915(g).

### Disposition

Plaintiff's Amended Complaint (Doc. 11) is **DISMISSED** with prejudice for failure to state a claim under 28 U.S.C. § 1915A. The Clerk of Court shall enter judgment and **CLOSE** this case.

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff

chooses to appeal, he will be liable for the $605.00 filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-56 (7th Cir. 2008). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur another "strike" under 28 U.S.C. § 1915(g). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no later than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

Dated: May 12, 2026

Judge Dugan

Digitally signed by Judge Dugan
Date: 2026.05.12 12:20:37 -05'00'

DAVID W. DUGAN
United States District Judge